IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 4:12CR3048 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| TROY SMITH JR., | |
| Defendant. | |

The defendant appeared before me for his initial appearance and a detention hearing on an alleged violation of supervised release. The defendant requested release; the government requested detention. Two hearings were held: One on the defendant's motion for release,[1] following by a second hearing on the court's own motion to hear evidence on claims of obstruction of justice.

On February 23, 2015, following his release from prison on an underlying SORNA conviction, Smith was specifically directed by his supervising officer to reside at his parent's residence. This was the only residence which was approved. He was reminded on April 6, 2015, and again on April 27, 2015, that he was not allowed to spend the night anywhere other than his parent's home. (Filing No. 49).

On July 12, 2015, Lincoln Police Officer Brock Wagner arrested the defendant for violating the Nebraska Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et. seq., by living at his girlfriend's home when he was registered as residing in his parents' home. (Filing No. 46). During his arrest, Defendant was very hostile and argumentative with

---

[1] "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1 (a)(6).

the arresting officer.[2] (Ex. 4). The following day, Defendant's mother posted bond for defendant's release from state custody.

On July 14, 2015, Judge John Gerrard signed a petition for revocation of supervised release and issued a warrant for Defendant's arrest. Citing Defendant's arrest on July 12, 2015, the petition states Smith violated his conditions of release because he did not request permission to move to a different residence or advise his supervising officer that he had moved from his approved residence. ([Filing No. 46](#)). When the defendant reported to his probation officer on July 14, 2015, he was taken into custody by the Marshal. He was very angry and agitated by the arrest, so his initial appearance was delayed until July 16, 2015.

At the detention hearing held on July 16, 2015, Defendant's mother testified that the defendant would occasionally stay overnight at his girlfriend's home, but never more than two nights in a row. She explained that based on her understanding and the papers she saw, the defendant was not allowed to stay at a location other than his parents' home for three consecutive nights. She further explained that the defendant is disabled, "slow" and has "the mind of a child," so she monitors and helps him.

Upon consideration of this credible testimony, the court concluded the defendant could be released to live with his mother with electronic monitoring. Immediately thereafter, a deputy marshal approached the bench and notified the court that the Defendant had been placed in segregation at the Saline County Jail pending the initial appearance because he was uncooperative with that facility's booking procedures.

On its own motion, the court re-opened the detention hearing based on concerns of obstruction of justice.[3] At the hearing initiated by the court, the deputy marshal testified

---

[2] The court has listened closely to the recording and can hear no threatening statements.

that based on information he received from the Saline County Jail, the defendant had refused to be fingerprinted or photographed and was placed in segregation. The defendant testified and fully contradicted that statement. But he did acknowledge that he was told he could not stay overnight at his girlfriend's house, and he violated that direction.

The court continued the hearing to the following day to receive additional evidence. This additional evidence revealed the initial testimony of the deputy marshal was incorrect. Based on the written statements received into evidence, by the time the defendant arrived at the Saline County Jail for booking into federal custody, he had not taken his medication for two days. (Ex. 2). After advising the booking staff that "he would not be responsible for what would happen to his cell mate if he didn't get his meds," (Ex. 1), the defendant was placed in segregation for the safety of himself and others. The Defendant was fully cooperative during the booking process. (Ex. 101).

While the journey through this detention hearing had more than its fair share of potholes, due process was afforded throughout. And upon reviewing the evidence, the court finds the defendant can be released provided that in addition to the conditions set at sentencing and by his probation officer, Defendant is on electronic monitoring, agrees to comply with a 9:00 p.m. to 9:00 a.m. curfew, his mother serves as a third party custodian, the defendant has no overnight guests, including his girlfriend, and he has no contact, directly or indirectly, with any witness or potential witness in this case or the state case.

But a word of caution: Angry outbursts, name calling, taunting, and profanity toward law enforcement officers and in the halls of the federal court have consequences.

---

[3] "[A]llowing the same judicial officer to move for detention and then to conduct the detention hearing" does not violates due process principles. This process is "precisely what is contemplated" by the Bail Reform Act. United States v. Maull, 773 F.2d 1479, 1485-86 (8th Cir. 1985).

In this case, such conduct complicated the court's decision-making process, delaying this ruling and the defendant's release. If this conduct is repeated, the court's decision will be both different and easy.

Accordingly,

IT IS ORDERED:

1) A hearing on defendant's motion for release, will be held at 10:00 a.m. on July 27, 2015 before the undersigned magistrate judge in Courtroom 2, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.

2) The defendant, defense counsel, and counsel for the government shall attend.

3) Defendant's mother and proposed third party custodian shall also attend the hearing.

July 23, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.